IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilderness Watch, Inc., *et al.*, | No. CV 07-1185-PHX-MHM |
| Plaintiffs, | **ORDER** |
| vs. | |
| U.S. Fish and Wildlife Service, *et al.*, | |
| Defendants. | |

Pending before the Court are the U.S. Sportsmen's Alliance Foundation, Arizona Desert Bighorn Sheep Society, Foundation for North American Wild Sheep, Arizona Deer Association, Arizona Antelope Foundation, Yuma Valley Rod and Gun Club, Inc., Safari Club International, Safari Club International Foundation, and the National Rifle Association of America's (collectively "the Sportsmen's") Motion to Intervene (Doc. # 20), the State of Arizona ex rel. the Arizona Game and Fish Commission and the Arizona Game and Fish Department's ("Arizona's") Motion to Intervene (Doc. # 45), and the Sportsmen's Motion for Leave to Reply to Plaintiffs' Response to Motion to Intervene by the State of Arizona (Doc. # 62). The Court, having considered said motions, the responses and replies thereto, and the applicable law, now enters its ruling.

/ / /

/ / /

## l. BACKGROUND

In an Amended Complaint filed on August 11, 2007, Plaintiffs alleged that Defendant United States Fish and Wildlife Service ("FWS"), along with certain individuals, violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370, and the Wilderness Act, 16 U.S.C. §§ 1131-1136. (Doc. # 50)  The allegations arise from the decision of the FWS to authorize construction of two water tanks within the Kofa National Wildlife Refuge near Yuma, Arizona, in order to provide supplemental water for wildlife.  Plaintiffs allege that the FWS failed to comply with NEPA when it used a categorical exclusion without first determining whether the project would have a significant environmental impact, and that the construction of a permanent structure within a designated wilderness area violated the Wilderness Act.

Plaintiffs seek a declaratory judgment that (1) the FWS's actions violated NEPA and the Wilderness Act; (2) an injunction requiring the FWS to prepare an Environmental Assessment ("EA") or an Environmental Impact Statement ("EIS"); and (3) an injunction preventing the FWS from maintaining the water structures in an operational condition until the FWS complies with NEPA and the Wilderness Act.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 24, intervention may be as of right or permissive.  Rule 24(a) provides for intervention of right as follows:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

An applicant must meet four requirements to intervene as of right:  (1) the intervention must be timely; (2) the applicant must have a "significant protectable interest" relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that a disposition of the action may impair or impede its ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the

1  action. Gonzales v. Arizona, 485 F.3d 1041, 1051 (9th Cir. 2007) (quoting Prete v. Bradbury,
2  438 F.3d 949, 954 (9th Cir. 2006)).

3  Permissive intervention, by contrast, is discretionary. Kootenai Tribe of Idaho v.
4  Veneman, 313 F.3d 1094, 1109 (9th Cir. 2002). Rule 24(b) provides that

> upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law of fact in common. . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

8  In addition, the applicant must also show independent grounds for jurisdiction. League of
9  United Latin American Citizens, 131 F.3d 1297, 1308 (9th Cir. 1997). Whether admitted as
10 of right or permissively, intervenors are granted the same rights as the original parties. Int'l
11 Union, United Auto., Aerospace and Agric. Implement Workers of Am., AFL-CIO, Local
12 283 v. Scofield, 382 U.S. 205, 215 (1965).

13 **III.   DISCUSSION**

14      A.   The Sportsmen's Motion to Intervene

15 The Sportsmen move to intervene as defendants in this action. The Sportsmen seek
16 to intervene as of right on Plaintiffs' Wilderness Act claim and on the remedies aspect of
17 Plaintiffs' NEPA claim, and to intervene permissively on the merits aspects of Plaintiff's
18 NEPA claim. Alternatively, the Sportsmen seek permissive intervention on all claims. In
19 the event the Court denies intervention on any or all claims, the Sportsmen seek to participate
20 as an amicus with respect to those claims. (Doc. # 20, p. 4 n.1) The Sportsmen state that the
21 Federal Defendants take no position on this motion.

22 Here, Plaintiffs appear to concede that the Sportsmen meet the requirements for
23 permissive intervention: "[T]here are probably grounds for jurisdiction, the [Sportsmen's]
24 motions were timely, and the organizations will probably assert at least some defenses that
25 confront the questions of law in this action." (Doc. # 44, p.14) The Court agrees that the
26 Sportsmen qualify to intervene permissively in this action and, in its discretion, will grant the
27 Sportsmen's Motion to Intervene as defendants on this basis.

28      B.   The State of Arizona's Motion to Intervene

1  In its motion, Arizona seeks leave to intervene as a defendant "to protect significant
2  and unique state interests that may be impaired by this action." Arizona requests intervention
3  pursuant to Rule 24(a)(2), intervention as of right, or in the alternative, under Rule 24(b)(2),
4  permissive intervention. Plaintiffs do not object to Arizona's permissive intervention under
5  Rule 24(b), "provided that their participation does not 'unduly delay or prejudice the
6  adjudication of the rights of the original parties,' or frustrate the Court's interest in the
7  efficient administration of this case." See Rule 24(b) and Advisory Committee Note (1966).
8  In its Reply, Arizona states that it has contacted counsel for the Sportsmen, who has agreed
9  to cooperate to avoid duplication of arguments, and that Arizona will attempt to coordinate
10 with the federal defendants to avoid duplication. Accordingly, the Court finds that Arizona
11 meets the requirements for permissive intervention and will allow Arizona to intervene as a
12 defendant in this action.

13 **IV.  CONCLUSION**

14  Based on the foregoing,

15  **IT IS ORDERED** granting the Sportsmen's Motion to Intervene pursuant to Federal
16 Rule of Civil Procedure 24(b). (Doc. # 20)

17  **IT IS FURTHER ORDERED** granting Arizona's Motion to Intervene pursuant to
18 Federal Rule of Civil Procedure 24(b). (Doc. # 45)

19  In light of the Court's determination above,

20  **IT IS FURTHER ORDERED** denying as moot the Sportsmen's Motion for Leave
21 to Reply to Plaintiffs' Response to Motion to Intervene by the State of Arizona. (Doc. # 62)

22  DATED this 29th day of February, 2008.

_____
Mary H. Murguia
United States District Judge